## COMMONWEALTH *vs.* JOHN RIGNEY.

If two persons agree to cultivate land on shares, each has a right to go upon the premises, by himself and his authorized agents, for the purpose of removing his share of the crops; and if the agent of one of them goes upon the premises for this purpose, and is endeavoring to take the share of his principal from a cart in which the other has deposited crops gathered by him, a servant of the latter who forcibly removes such agent from the land by his master's orders is guilty of an assault and battery.

COMPLAINT for assault and battery upon James T. Joslin.

At the trial in the superior court, evidence was introduced in behalf of the Commonwealth to show that one Chapin and his

wife agreed with one Greenarch to cultivate certain land belonging to Chapin's wife on shares, and both men labored upon it accordingly until the harvest; that while Chapin and his servants, amongst whom was the defendant, were gathering the corn and potatoes which grew upon the land, Joslin came there and informed Chapin that he came as the agent of Greenarch to take his share of the crops; that Chapin ordered him to leave the premises, which Joslin refused to do, but proceeded, with those who were with him, to a cart upon the premises, in which Chapin and his servants had deposited the corn and potatoes which they had gathered, for the purpose of taking and carrying away Greenarch's share, and thereupon Chapin ordered the defendant to remove Joslin from the premises, which the defendant did. It was not contended that the defendant used any more force than was necessary to remove Joslin.

Upon this evidence, the defendant requested the court to rule that the complaint could not be maintained; but *Morton,* J. refused so to rule, and instructed the jury that if they were satisfied that Joslin entered upon the premises as the agent of Greenarch, being duly authorized by him, for the purpose of removing his share of the crops, the defendant was not justified in ejecting him from the premises. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*T. H. Sweetser & W. S Gardner,* for the defendant.

*Foster,* A. G., for the Commonwealth.

HOAR, J. The defendant intentionally used force upon the person of Joslin, and thereby committed an assault and battery, unless there was a justification of the act. *Commonwealth* v. *Randall,* 4 Gray, 36. As he had no duty to perform, and merely undertook to assert his own rights by force and violence, the doctrine of *Commonwealth* v. *Presby,* 14 Gray, 65, does not apply. Several propositions have been advanced on behalf of the defendant in argument, which may be true in themselves, but which do not support the exceptions taken. The defendant removed Joslin forcibly from the premises. Whether Joslin had any right to take the corn and potatoes from the cart is one question, and whether Chapin would be justified in removing

him from the land because he attempted it, is another and a very different one. The contract between Greenarch and Chapin and wife gave Greenarch a right to come upon the land and remain for the purpose of raising and taking the crops, until they were all gathered and divided. *Walker* v. *Fitts*, 24 Pick. 191. *Chandler* v. *Thurston*, 10 Pick. 205. Chapin could not therefore rightly exclude Greenarch from the land, and Greenarch could exercise his right to go upon it by any proper agent duly authorized. *Commonwealth* v. *Lakeman*, 4 Cush. 597. The refusal of the court to rule that the complaint could not be maintained, and the instructions given to the jury, were therefore right. If Joslin was there as the duly authorized agent of Greenarch, to take Greenarch's share of the crops, he had a right to be there. His right to take from the cart what Chapin had gathered would be much more questionable; but the exceptions do not call on us to decide it. *Exceptions overruled.*